IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF TONYA K. MEALMAN,

    Plaintiff,

    v.

Case No. 21-CV-820

WISCONSIN MUNICIPAL MUTUAL INSURANCE COMPANY, et al.

    Defendants.

---

**COUNTY DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S CIVIL L.R. 7(h) MOTION TO COMPEL INSPECTION OF THE OMS AND ERMA SYSTEMS' ESI[1]**

---

The County Defendants, by their attorneys, hereby oppose Plaintiff's motion to compel inspection of the Brown County OMS and ERMA systems. Plaintiff has not identified any legitimate reason for his request and all information contained in the systems has already been produced. Ultimately, Plaintiff's position is simply at odds with the limits of discovery under Rule 26(b). When parties send authorizations to hospitals, providers, jails, and other entities to collect records, they can insist on being provided the records in their native format. But parties cannot insist on being allowed to sit at a computer terminal to "click around" or "log around" to see for themselves how the records are catalogued or maintained in the software system. (Dec. of Mills, ¶ 2.) Plaintiff's request is duplicative, overly burdensome, and is not proportional to the needs of the case for the reasons set forth below.

First, there is no allegation that the County Defendants have failed to produce any information requested in discovery. To the contrary, the County Defendants have produced Ms.

---

[1] To be clear, there is no "electronically stored information" contained in the OMS or ERMA systems that was not already produced. Further, Plaintiff's motion seeks to compel an inspection rather than the production of electronically stored information.

Mealman's entire jail file contained within the OMS system, including all information from all prior incarcerations at the Brown County Jail. They have also produced 1,179 pages of OMS training and instruction materials, which contain screenshots and detailed explanations of how the system works, where various types of information is located within the system, and how Brown County Jail officers are trained to use the system. (Dec. of Mills, ¶ 5, Ex. A.) Plaintiff has deposed six Brown County Jail officers and had the opportunity to ask each of them detailed questions regarding their use of the OMS system. (*Id.*, ¶ 6.) In turn, they testified about how they actually used the system in 2016[2].

It should come as no surprise, then, that Plaintiff has not identified any information contained within the OMS or ERMA systems that he has requested but not received. (*Id.*, ¶ 3.) Yet, when faced with the objection that the request to view the system is duplicative, Plaintiff's only response is, "it just isn't." (Dkt. 71, p. 3.) He claims that "interacting with" the software would "allow[] for a far greater understanding than just reading a manual…" (*Id.*) But the deposed officers already explained to opposing counsel how they used the OMS system and what information was available to them. And Plaintiff's claim that certain available OMS features were not implemented at the time of Ms. Mealman's incarceration does not necessitate or justify access to the system. Clicking around various screens to see what pops up (or what does not pop up) provides no useful, relevant information with any kind of evidentiary value to the claims in this case—unless opposing counsel intends to become a witness and subject himself to cross examination if and when he attempts to use his viewing experience to support his positions. Ultimately, if opposing counsel attempted to

---

[2] Brown County Jail officers do not use or even have access to the ERMA system. Instead, it is used by the contracted healthcare provider. However, the ERMA system is technically owned by Brown County. While it is the County Defendants' position that each of their arguments applies equally to the request to inspect the ERMA software, this brief focuses on the request to view the OMS system due to the page limitation. The County Defendants defer to and incorporate by reference any substantive arguments of the Wellpath Defendants in their response to Plaintiff's motion relative to the ERMA system.

present any information learned from an inspection to the Court or a jury, the County Defendants would insist on taking his deposition to confirm his lack of foundational knowledge. Plaintiff's counsel has not explained in any meaningful way how he would possibly use this information or why it would be relevant to his claims.

Moreover, Plaintiff omits the fact that the County Defendants offered a reasonable compromise to resolve this discovery dispute: they offered to provide Plaintiff's counsel with screenshots of any OMS screens that he may want, in case he has concerns that the hundreds of pages of information already produced look different than how it appears on a computer screen. (Dkt. 72-2, p. 3.) He does not explain why this alternative would not be sufficient to address any of his alleged concerns.

Further, the County Defendants raised several practical concerns to the request that remain unaddressed: for example, like most software, file management software is routinely updated. Brown County cannot provide access to the OMS system as it existed in 2016 when Ms. Mealman was incarcerated at the jail. (Dec. of Mills, ¶ 4.) Nor does Brown County have specific knowledge of all of the various technical changes that may have been included in any updates by the software company in the intervening six years or how they may have affected what the system looks like now or how it operates today. This alone is a valid basis to deny the request: Plaintiff's counsel wants to view the system in 2022 to "understand" how it was used in 2016. How OMS looks and operates today is irrelevant. And even if it had some marginal relevance, the information would be highly objectionable under Federal Rule of Evidence 403. That certain deponents could not remember every detail of how the system operated or looked in 2016 does not mean that opposing counsel is entitled to "log around" on the system in 2022 to try to fill in any gaps of witness memory.

3

Plaintiff has already been provided with all of the information to which he is entitled. He has failed entirely to provide any arguable reason why this type of duplicative and burdensome request should be granted. The parties have already provided him with sworn testimony regarding their access to information within the OMS system. Counsel may believe that "clicking around" the OMS system is "fundamental" to establishing his claims. But to use Plaintiff's own reasoning, "it just isn't."

## CONCLUSION

Based on the foregoing, the County Defendants respectfully request that this Court deny Plaintiff's motion to compel inspection of the Brown County OMS and ERMA systems.

Dated this 9th day of December, 2022.

By: /s  Sara C. Mills
SAMUEL C. HALL, JR.
State Bar No. 1045476
SARA C. MILLS
State Bar No. 1029470
ZACHARY J. FLOOD
State Bar No. 1099136
Attorneys for Defendants, Wisconsin Municipal Mutual Insurance Company, County of Brown, Kelly Delwiche, Dalton Desmond, Chris Patterson, David Niemerowicz, Jeffrey Rhodes, and Jeffrey Lelinski
CRIVELLO CARLSON, S.C.
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI  53203
Phone: (414) 271-7722
Fax: (414) 271-4438
E-mail:   shall@crivellocarlson.com
          smills@crivellocarlson.com