IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF TONYA K. MEALMAN,

    Plaintiff,

    v.

Case No. 21-CV-820

WISCONSIN MUNICIPAL MUTUAL INSURANCE COMPANY, et al.

    Defendants.

---

**COUNTY DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S CIVIL L.R. 7(h) EXPEDITED MOTION FOR LEAVE TO TAKE DEPOSITIONS**

---

The County Defendants, by their attorneys, hereby oppose Plaintiff's motion for leave to take the depositions of Kristy Jolly, Misty Anderson, Ed Bowden, Devin Vanness, Aaron Grutza, Brian Baker, Nicole Carter, Sarah Pecor, and Shane Timreck.[1]

### A. The Burden of the Discovery Sought by Plaintiff Outweighs Any Benefit

Absent a stipulation by the parties or leave of the Court, Rule 30(a)(2)(A)(i) limits the number of depositions a party may take in a case to 10. A total of 21 depositions have already been taken in this case, 11 of which were noticed solely by Plaintiff, and the other 10 being mutually agreed to by the parties. (Dec. of Mills, ¶ 1.) Plaintiff has deposed five of the six named Brown County Defendants and has also deposed an additional officer-witness, Brent Meyer. (*Id.*) Plaintiff has been able to conduct direct examinations of each of the 21 individuals deposed in this matter. When the parties conferred and filed their Rule 26(f) report, the parties agreed that the limitations

---

[1] Plaintiff's arguments in support of its motion indicate that Plaintiff is seeking leave to take 8 depositions. (Dkt. 68 at p. 2). However, based on the caption of the motion, Plaintiff is seeking leave to take the depositions of 9 individuals.

on discovery imposed by the Federal Rules of Civil Procedure are appropriate to this case. (Dkt. 26, p. 2.)

Yet Plaintiff now seeks to depose <u>eight</u> (or nine) additional individuals to obtain testimony on the narrow and—at best—tangential issue of a November 2017 employment investigation conducted by Brown County of Defendant Jeffrey Rhodes. The investigation in question was prompted by staff reports that Rhodes made inappropriate comments and used foul language at work between September and November 2017—nearly 1.5 years after Ms. Mealman's suicide in July 2016. Notably, <u>none</u> of the allegations for which Rhodes was investigated included any alleged 1) negligence in the performance of his duties; 2) denial of care to inmates; or 3) disregard of any inmates' serious medical or mental health needs or requests. (Dkt. 72-4.)

Further, contrary to Plaintiff's misrepresentation of the record, Rhodes was not "effectively terminated" following the investigation. (Dkt. 68, p. 3.) Crucially, Plaintiff was provided with Rhodes's entire personnel file but does not cite to any documentary evidence that Rhodes was terminated ("effectively" or otherwise). (Dec. of Mills, ¶ 5.) In reality, the personnel file materials and Rhodes's deposition testimony confirm that the investigation in question was never completed and there was never any finding that the reports of inappropriate language were founded. Rhodes was not terminated as a result of the investigation (regardless of whether opposing counsel believes this is "unlikely to be a coincidence"), and in fact Rhodes was never fired by Brown County. (Dkt. 72-2, pp. 159-160.) Rather, Rhodes took FMLA and short-term disability leave in late 2017 and later resigned his employment in 2018. (*Id.*, pp. 159-162[2].)

---

[2] Notably, defense counsel objected to this line of questioning during Rhodes's deposition. Defense counsel stated that the parties could call the Court to resolve the issue without delay, but Plaintiff's counsel did not pursue the line of inquiry further. (*See* Dkt. 72-2, pp. 164-166.)

2

Plaintiff's claim that these additional deponents "have relevant knowledge regarding Defendant Jeffrey Rhodes's subjective state of mind" is totally unsupported and speculative. (Dkt. 68, p. 2.) He has not identified how any of these individuals have any knowledge regarding Rhodes's "subjective state of mind" <u>during the relevant time period</u>. Nor does he offer a shred of support for the conclusion that a coworkers' knowledge about Rhodes's use of curse words gives any glimpse into Rhodes's "state of mind" at all. He has already deposed Rhodes and several inmates about this issue of Rhodes's credibility. He can certainly present this evidence to the Court or a jury at the appropriate time, but there is absolutely no basis to require the defendants to bear the time and expense of Plaintiff's excessively burdensome fishing expedition.

Ultimately, the Court "<u>must</u> limit the frequency or extent of discovery <u>otherwise allowed</u> by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative . . . [or] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." FRCP 26(b)(2)(C) (emphasis added). These requested depositions already exceed what is otherwise allowed under the rules. But additionally, the request must be denied because the request is overly burdensome and duplicative given the number of depositions being sought on a single, narrow topic that is not even marginally relevant to the claims and defenses asserted in this case.

Moreover, the parties are still in the process of scheduling Rule 30(b)(6) depositions. (Dec. of Mills, ¶ 3.) Plaintiff's draft schedule of Rule 30(b)(6) topics contains a staggering 55 topics, including any discipline or internal investigations of Rhodes. (Dec. of Mills, Ex. A.) Plaintiff certainly plans to delve into the topic of this investigation during his Rule 30(b)(6) deposition of the County's corporate representative. But there is simply no reason why eight (or nine) County employees should be deposed about the question of whether Rhodes used swear words more than a year after Ms.

3

Mealman's suicide. The same is true for the request to depose Lieutenant Timreck. Brown County's investigation into Ms. Mealman's death is an appropriate topic for the Rule 30(b)(6) deposition and there is no reason why additional, duplicative depositions are necessary when 21 depositions have already taken place.

## CONCLUSION

Based on the foregoing, the County Defendants respectfully request that this Court deny Plaintiff's motion for leave to take additional depositions in this case.

Dated this 9th day of December, 2022.

By: /s  Sara C. Mills
SAMUEL C. HALL, JR.
State Bar No. 1045476
SARA C. MILLS
State Bar No. 1029470
ZACHARY J. FLOOD
State Bar No. 1099136
Attorneys for Defendants, Wisconsin Municipal Mutual Insurance Company, County of Brown, Kelly Delwiche, Dalton Desmond, Chris Patterson, David Niemerowicz, Jeffrey Rhodes, and Jeffrey Lelinski
CRIVELLO CARLSON, S.C.
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203
Phone: (414) 271-7722
Fax: (414) 271-4438
E-mail: shall@crivellocarlson.com
    smills@crivellocarlson.com

4