UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ESTATE OF TONYA K. MEALMAN,

      Plaintiff,

      v.                    Case No. 21-C-820

WISCONSIN MUNICIPAL MUTUAL
INSURANCE COMPANY, et al.,

      Defendants.

## DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS

This action arises out of the alleged failure to provide appropriate medical treatment to Tonya Mealman and protect her from self-harm during her confinement at the Brown County Jail in July 2016. Plaintiff the Estate of Tonya K. Mealman brought this 42 U.S.C. § 1983 action against Defendants Wisconsin Municipal Mutual Insurance Company, Brown County, Kelly Delwiche, Dalton Desmond, Chris Patterson, David Neimierowicz, Jeffrey Rhodes, Wellpath LLC, Diane Jensen, Dirk Larson, Emily Blozinski, Jessica Denissen, Sarah Pagels, Jeffrey Lelinski, and Atalie Przybelski.

On May 30, 2023, Plaintiff the Estate of Tonya K. Mealman filed a motion for sanctions against the Wellpath Defendants (Wellpath LLC, Emily Blozinski, Jessica Denissen, Diane Jensen, Dirk Larson, Sarah Pagels, and Atalie Przybelski). The motion alleges that the Wellpath Defendants have failed to completely answer Plaintiff's first, fourth, and fifth sets of discovery requests. Plaintiff seeks the following sanctions: (1) default judgment against Wellpath on Plaintiff's *Monell* claim; (2) an order for monetary sanctions in an amount sufficient to reimburse Plaintiff for its attorneys' fees and costs incurred in connection with litigating all motions to

compel against the Wellpath Defendants, the motion for sanctions, arranging and preparing for depositions that had to be rescheduled because of the Wellpath Defendants' failure to timely provide discovery, and appearing at the Brown County Jail twice for an ERMA ESI inspection that was unable to be completed; (3) an order for monetary sanctions in an amount sufficient to reimburse Plaintiff for the cost associated with Plaintiff's counsel having to revisit many issues, redo much of the case work-up, and rethink things in response to Wellpath turning over long overdue documents and records after this motion for sanctions was filed, and then provide these new documents to each of Plaintiff's three experts who will have to likewise revisit issues and redo its expert reports; (4) double the amount of monetary sanctions as a punishment to Wellpath for its bad faith conduct; (5) an order that the Wellpath Defendants shall immediately produce to Plaintiff all outstanding discovery without any further objection, delay, or claims of privilege; and (6) any other such relief as the court deems appropriate. The Wellpath Defendants have not responded to the motion for sanctions, and the time to do so has passed. For the following reasons, Plaintiff's motion will be granted.

Plaintiff asserts that the Wellpath Defendants have engaged in a pattern of discovery misconduct that warrants sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. Under Rule 37, the court may sanction a party who has failed to comply with a court order. Fed. R. Civ. P. 37(b). Rule 37 provides courts with discretion to impose various sanctions, including the entry of default judgment. Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). In addition, the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to comply with a discovery order], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

In support of its motion, Plaintiff asserts that the Wellpath Defendants have repeatedly failed to adequately respond to its discovery requests and to comply with the court's orders compelling them to fully and completely respond to Plaintiff's discovery requests. On February 25, 2022, Plaintiff served the Wellpath Defendants with Plaintiff's First Set of Interrogatories and Requests for Production of Documents. Plaintiff filed a motion to compel on June 3, 2022, asserting that it had not received the Wellpath Defendants' responses to these requests, despite its attempts to confer with the Wellpath Defendants in an effort to resolve the matter without court action. The Wellpath Defendants did not respond to the motion to compel. On June 13, 2023, the court granted the motion and ordered the Wellpath Defendants to answer Plaintiff's First Set of Interrogatories and Requests for Production of Documents within ten days. Dkt. No. 48.

On July 22, 2022, Plaintiff filed a second motion to compel, asserting that the Wellpath Defendants had not fully and completely responded to Plaintiff's Second Set of Requests for Production of Documents. The Wellpath Defendants did not respond to this motion to compel. On August 1, 2022, the court granted Plaintiff's motion and ordered the Wellpath Defendants to provide their answers to Plaintiff's Second Set of Requests for Production of Documents within five days. Dkt. No. 52.

Plaintiff filed a third motion to compel on October 1, 2022. In that motion, Plaintiff asserted that the Wellpath Defendants had not fully and completely responded to Plaintiff's Fourth Set of Interrogatories and Requests for Production of Documents. The Wellpath Defendants did not respond to this motion to compel. On October 14, 2022, the court granted the motion and ordered the Wellpath Defendants to provide their answers to Plaintiff's Fourth Set of Interrogatories and Requests for Production of Documents within five days. Dkt. No. 64.

On March 13, 2023, Plaintiff discovered the existence of medical records belonging to Tonya Mealman during an inspection of Wellpath's ERMA ESI computer programs that Plaintiff had previously requested over one year earlier in Plaintiff's First Set of Requests for Production of Documents and that had not been previously produced or disclosed to Plaintiff. On April 4, 2023, Plaintiff filed a fourth motion to compel, asserting that it had not received the Wellpath Defendants' responses to Plaintiff's First Set of Requests for Production of Documents, despite its attempts to confer with the Wellpath Defendants in an effort to resolve the matter without court action. The Wellpath Defendants failed to respond to the motion to compel. On April 12, 2023, the court granted the motion and ordered the Wellpath Defendants to provide answers to Plaintiff's First Set of Requests for Production of Documents within ten days. Dkt. No. 88.

On May 1, 2023, Plaintiff filed a fifth motion to compel. It asserted that the Wellpath Defendants had not provided complete responses to its First, Second, Fourth, and Fifth Sets of Interrogatories and Requests for Production of Documents, despite Plaintiff's attempts to confer with the Wellpath Defendants in an effort to resolve the matter without court action. The Wellpath Defendants again failed to respond to the motion. On May 9, 2023, the court granted the motion and directed the Wellpath Defendants to provide complete responses to Plaintiff's First, Second, Fourth, and Fifth Sets of Interrogatories and Requests for Production of Documents within ten days. Dkt. No. 93. The court also ordered Wellpath to pay Plaintiff's reasonable attorney's fees and other expenses related to the filing of the motion to compel. *Id.*

Despite having one year to do so, the Wellpath Defendants have not fully complied with the court's discovery orders by providing complete responses to Plaintiff. The Wellpath Defendants have not responded to five of Plaintiff's motions to compel and the motion for sanctions or explained why they have waited to produce responsive documents. The Wellpath

Defendants' failure to comply with the court's discovery orders is unacceptable. The Wellpath Defendants have deprived Plaintiff of discovery and prejudiced Plaintiff's ability to adequately prepare for depositions and trial. Thus, sanctions are warranted in this case.

The Wellpath Defendants shall immediately produce to Plaintiff all outstanding discovery without any further objection, delay, or claims of privilege. If the Wellpath Defendants claim that a document does not exist, they shall supply a properly verified statement executed by each defendant stating that the document does not exist.

Plaintiff requests that the court enter default judgment against Wellpath on Plaintiff's *Monell* claim. "[A] default judgment may be awarded if it is a sanction proportional to the discovery failure." *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1383 (7th Cir. 1993). Default judgment is proportional "when there are willful or bad faith violations of discovery orders[,] a pattern of contumacious conduct or dilatory tactics or the failure of less drastic sanctions." *Id.* Given the Wellpath Defendants' repeated violations of the court's orders and the apparent ineffectiveness of prior sanctions, the court finds that default judgment against Wellpath on Plaintiff's *Monell* claim is an appropriate sanction.

Plaintiff also seeks an award of reasonable expenses. If a party fails to comply with a discovery order, the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The court does not find that the Wellpath Defendants' failure is substantially justified or that other circumstances make an award of expenses unjust. Therefore, the Wellpath Defendants must pay Plaintiff's reasonable expenses, including attorney's fees, associated with litigating all motions to compel against the Wellpath Defendants, the motion for

5

sanctions, arranging and preparing for depositions that had to be rescheduled because of the Wellpath Defendants' failure to timely provide discovery, and appearing at the Brown County Jail twice for an ERMA ESI inspection that was unable to be completed. The court declines, however, to impose the additional sanctions requested by Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for sanctions (Dkt. No. 94) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Wellpath Defendants shall immediately produce to Plaintiff all outstanding discovery without any further objection, delay, or claims of privilege. If the Wellpath Defendants claim that a document does not exist, they shall supply a properly verified statement executed by each defendant stating that the document does not exist.

**IT IS FURTHER ORDERED** that default judgment is entered in favor of Plaintiff and against Wellpath on Plaintiff's *Monell* claim.

**IT IS FURTHER ORDERED** that the Wellpath Defendants must pay Plaintiff's reasonable expenses, including attorney's fees, associated with litigating all motions to compel against the Wellpath Defendants, the motion for sanctions, arranging and preparing for depositions that had to be rescheduled because of the Wellpath Defendants' failure to timely provide discovery, and appearing at the Brown County Jail twice for an ERMA ESI inspection that was unable to be completed. The parties are instructed to attempt to come to an agreement on reasonable fees. If such agreement cannot be reached, Plaintiff may file a motion for attorney's fees.

Dated at Green Bay, Wisconsin this 16th day of June, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge