IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

THE ESTATE OF TONYA K. MEALMAN,

    *Plaintiff,*

v.

    Case No. 21-CV-820

WISCONSIN MUNICIPAL MUTUAL
INSURANCE COMPANY, et al.,

    *Defendants.*

## AMENDED HIPAA QUALIFIED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. §164.512(e)(1), the Court finds good cause for the issuance of a HIPAA qualified protective order and Orders as follows:

    A.    Brown County, their attorneys, and their employees, their contractors, or associated "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose, receive, and transmit "protected health information" (PHI) pertaining to past or present inmates at the Brown County Jail in response to discovery requests from parties in this matter to the extent and subject to the conditions of this Order.

    B.    Wellpath, LLC, their attorneys, and their employees, their contractors, or associated "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose, receive, and transmit "protected health information" (PHI) pertaining to past or present inmates in any correctional institutions where Wellpath, LLC or any of its subsidiaries or related corporate entities is/was contracted to provide healthcare (either medical or mental), in response to discovery requests from parties in this matter to the extent and subject to the conditions of this Order.

    C.    The parties and their attorneys are hereby authorized to receive, transmit, examine and obtain testimony of PHI that is produced pursuant to the above paragraphs A and B.

    D.    For the purposes of this qualified protective order, PHI shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501. PHI includes, but is

not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

      E.      The parties and their attorneys shall be permitted to use or disclose PHI that is produced pursuant to the above paragraphs A and B for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

      F.      PHI may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving PHI do not use or disclose such information for any purpose other than this litigation.

      G.      To the extent that any of the parties have a policy that medical records, or PHI may not be released without either written authorization of the individual or a court order, this Order sufficiently fulfills that requirement and permits disclosure pursuant to 45 C.F.R. § 164.512(e).

      H.      The parties shall assist each other in the release of PHI by waiving all notice requirements that may otherwise be necessary under HIPAA.

      I.      Nothing in this Protective Order restricts the right of the parties to refer publicly to health information of any party or non-party so long as the health information is not sufficient to identify or could reasonably be expected to identify the individual.

      J.      This Order does not control or limit the use of PHI that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

      K.      This Protective Order, by itself, does not require any person or entity to produce any records or allow a person or entity to inspect or obtain records, regardless of whether such records are sought through discovery requests served by the parties in this matter, or through a request or subpoena served on a third party. However, a discovery request served by the parties in this matter, or a subpoena served on a third party, may by itself, require a person or entity to produce records or allow a person or entity to inspect or obtain records. This Protective Order does not affect the applicability of Federal Rule of Civil Procedure 26(b)(1) to any party's discovery requests or responses, or to any person's or entity's responses to any subpoena, and no objections to any discovery requests or subpoenas are waived by virtue of the agreement to this Order. This Protective Order is intended to protect PHI that is disclosed pursuant to discovery that is otherwise permitted by the Federal Rules of Civil Procedure.

      L.      At the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of PHI received pursuant to this Order,

shall return all PHI in their possession to the party or covered entity or destroy any and all copies of PHI in their possession, except that counsel are not required to secure the return or destruction of PHI submitted to the court.

Dated at Green Bay, Wisconsin this 28th day of July, 2023.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge