UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ESTATE OF TONYA K. MEALMAN,

    Plaintiff,

    v.    Case No. 21-C-820

WISCONSIN MUNICIPAL MUTUAL
INSURANCE COMPANY, et al.,

    Defendants.

## DECISION AND ORDER

Plaintiff the Estate of Tonya K. Mealman brought this 42 U.S.C. § 1983 action against Defendants Wisconsin Municipal Mutual Insurance Company, Brown County, Kelly Delwiche, Dalton Desmond, Chris Patterson, David Neimierowicz, Jeffrey Rhodes, Wellpath LLC, Diane Jensen, Dirk Larson, Emily Blozinski, Jessica Denissen, Sarah Pagels, Jeffrey Lelinski, and Atalie Przybelski, alleging that Defendants failed to provide appropriate medical treatment to Tonya Mealman and protect her from self-harm during her confinement at the Brown County Jail in July 2016. Between June 2022 and May 2023, the court granted Plaintiff's five motions to compel against the Wellpath Defendants (Wellpath LLC, Emily Blozinski, Jessica Denissen, Diane Jensen, Dirk Larson, Sarah Pagels, and Atalie Przybelski), based on their failure to completely answer Plaintiff's first, fourth, and fifth sets of discovery requests. Ultimately, on June 16, 2023, the court granted Plaintiff's motion for sanction against the Wellpath Defendants. The court ordered that (1) the Wellpath Defendants immediately produce to Plaintiff all outstanding discovery without any further objection, delay, or claims of privilege; (2) default judgment be entered in favor of

Plaintiff and against Wellpath on Plaintiff's *Monell* claim; and (3) the Wellpath Defendants pay Plaintiff's reasonable expenses, including attorney's fees as set forth in the order.

On June 26, 2023, Plaintiff filed a motion for contempt and further sanctions against the Wellpath Defendants based on their failure to immediately produce outstanding discovery. Two days later, the Wellpath Defendants filed a motion for an extension of time to respond to the motion for contempt and further sanctions. The Wellpath Defendants advised they recently discovered that certain extenuating and sensitive circumstances impacted the ability of the principal attorney handling the matter to respond to Plaintiff's discovery requests and the motions to compel. They also asserted that additional counsel appeared in the case after the discovery of this information and were working to quickly comply with the court's orders and produce the discovery responses. The court held a hearing on the motions on July 6, 2023, and stayed decision on the motion for contempt and for further sanctions pending Wellpath's explanation for its failure to respond to discovery requests and the motions to compel.

On July 14, 2023, Wellpath filed a motion for relief from and reconsideration of the court's order granting Plaintiff's motion for sanctions. In particular, Wellpath requests that the court reconsider its decision granting the motion for sanctions with regard to the ordered default judgment entered in favor of Plaintiff and against Wellpath on Plaintiff's *Monell* claim. That motion is now fully briefed and ready for resolution.

Rule 54 of the Federal Rules of Civil Procedure authorizes a court to revise any order "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). "Unlike motions to reconsider final judgments, which are governed by Federal Rule of Civil Procedure 59 or 60, a motion to reconsider an interlocutory order [under Rule 54(b)] may be entertained and granted as justice requires." *Azko Coatings, Inc.*

*v. Aigner Corp.*, 909 F. Supp. 1154, 1159 (N.D. Ind. 1995); *see also Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993) ("The beneficial aspect of distinguishing between the two methods of relief is readily apparent when the strict standard for granting relief under Rule 60(b) is contrasted with the practically unbridled discretion of a district court to reconsider a previous interlocutory order.").

Wellpath asserts that its lead attorney, who had previously been the sole attorney working on the case, experienced severe medical conditions that interfered with his ability to respond to the motion for sanctions and to fully respond to the outstanding discovery requests. That attorney provided an affidavit explaining that his conditions interfered with his ability to address the discovery demands of the case and that he failed to seek assistance from his firm or client. He also filed copies of his medical records, restricted to case participants, detailing his conditions. Wellpath asserts that, since the discovery of the issues related to the attorney's medical conditions and its discovery obligations, a major effort has been undertaken to remedy the situation and provide the outstanding discovery to Plaintiff.

Plaintiff argues that Wellpath must bear the burden of its attorney's neglect and that Wellpath and the law firm should have better monitored the litigation. It also argues that it has been prejudiced by Wellpath's numerous violations of discovery obligations throughout the case. Plaintiff asserts that default judgment is an appropriate sanction for Wellpath's conduct.

While it is important to comply with discovery obligations and orders of the court, the Seventh Circuit has a "well established policy favoring a trial on the merits over a default judgment" and has observed that default judgment is a "weapon of last resort." *Sun v. Bd of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810–11 (7th Cir. 2007). The court finds that, in light of the Seventh Circuit's preference for trial on the merits and the circumstances presented, vacating the

entry of default judgment is appropriate. Wellpath has interposed a defense and moved quickly to provide Plaintiff with the outstanding discovery and to file a motion to reconsider the court's sanction. Any potential prejudice to Plaintiff can be alleviated by extending the discovery and dispositive motion deadlines. Although Plaintiff has moved for contempt and for further sanctions, the court concludes that the prior sanctions awarding attorney's fees in connection with Plaintiff's filing of the motions to compel and for sanctions was an appropriate sanction and that additional sanctions are not warranted. The court will therefore vacate the entry of default judgment in the interest of justice. Wellpath is warned, however, that failure to comply with future deadlines will result in more severe sanctions.

**IT IS THEREFORE ORDERED** that Wellpath's motion for partial relief from and for reconsideration of the court's June 16, 2023 order granting Plaintiff's motion for sanctions (Dkt. No. 110) is **GRANTED**. The court vacates the entry of default judgment as to Plaintiff's *Monell* claim.

**IT IS FURTHER ORDERED** that Plaintiff's motion for contempt and further sanctions against Wellpath (Dkt. No. 98) is **DENIED**.

**IT IS FURTHER ORDERED** that Wellpath's motion for an extension of time to respond to the motion for contempt and further sanctions (Dkt. No. 104) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to restrict (Dkt. No. 122) and Wellpath's motion to restrict (Dkt. No. 127) are **GRANTED**.

Dated at Green Bay, Wisconsin this 28th day of September, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge