# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**ESTATE OF TONYA K. MEALMAN** by Special
**Administrator Attorney Aric Burch,,**
                Plaintiff,

v.

**MOTION HEARING**
**Re: Motion to Compel Dkt Nos. 134 & 138**

Case No. 21-C-820

**WISCONSIN MUNICIPAL MUTUAL**
**INSURANCE COMPANY, et. al.,**
                Defendants.

---

| | |
|---|---|
| HONORABLE WILLIAM C. GRIESBACH presiding | Time Called: 1:32 p.m. |
| Proceeding Held: December 15, 2023 | Time Concluded: 2:22 p.m. |
| Deputy Clerk: Joleen | Tape: 121523 |

**Appearances:**

    **Plaintiff:**    Randal Resch II and John Bradley

    **Defendants:**    Minh Wai and Sara Mills

---

Plaintiffs have filed a sixth and seventh motion to compel.

Mr. Bradley is requesting the Morbidity and Mortality reports and any questions surrounding information that would be relevant to the privilege asserted. He is also requesting the financial information related to Wellpath and related corporate entities.

The court indicates there is a statutory mandate for confidentiality that extends beyond any individual.

Mr. Bradley believes there are two threshold issues. One, by not responding to the discovery, they waive privilege, if there is in fact privilege.

The court indicates there is a public statute that wants peer review and honest discussion. In order to obtain the untainted truth, confidentiality is promised.

Mr. Bradley argues the withholding of information has not bee in good faith.

Mr. Bradley further argues for the corporate structure in Wellpath finances. Mr. Bradley motions to compel qualified witness for deposition regarding corporate structure of Wellpath. Mr. Bradley wishes to show, as part of their Monell claim, that these catastrophic events are profit driving and Wellpath is thwarting them.

Mr. Wai apologizes for all the unnecessary events that happened prior to when he became counsel of record. Mr. Wai indicates Mr. Bradley has refused to work with Mr. Wai. He has over 2000 documents in his file to review, along with 26 depositions taken. He has tried to work with counsel to make things happen, and Mr. Bradley refuses and files motion after motion. Mr. Wai discusses the merits of what is outstanding. He indicates there is a protective order that protects the other inmates' information. They have tried to protect other people's health records as they can. Mr. Wai requests the opportunity to brief the issue. He also would like to work with Mr. Bradley.

The court believes that other inmate records would be relevant.

Mr. Wai explains part 3 of the report is the analysis of the data. He believes that a team does an after the death analysis of what went wrong, what could have been done different, what could be improved and how to move forward. He believes the process is protected under the statute.

The court cannot decide this on a 7H motion and needs further information.

Mr. Bradley references Herriges. In Ms. Mealman's case, the review was done in August 2016 and the review was submitted 3.5 years later. That contradicts the claim that this is being done for safety. Mr. Bradley responds to the assertion that he has not been flexible and indicates discovery is set to close the end of this month. They have submitted 8 amendments to the scheduling order.

The court recognizes that under a Monell Claim, it would not be limited to Ms. Mealman. The court recognizes legitimate arguments and expects to see case law.

Mr. Wai responds regarding contact between the parties.

The court wants to see a motion for protective order. The court needs supplemental briefing on the issue of whether or not the broader medical evidence, as well as the part 3 medical evidence, is statutorily confidential. If it has been disclosed to others, it may take away the confidentiality, and it would be helpful to know if it has been disclosed to others as to whether or not the assertion of the confidentiality has been made in good faith. Mr. Wai indicates they do not disclose part 3 unless ordered by the court. Mr. Wai requests Mr. Bradley talk to him. Mr. Wai indicates Mr. Bradley is trying to pierce the corporate veil without having any reason. There is a corporate structure that protects these other entities that are not related to this case.

Ms. Mills is an interested party because this issue is coming up in all of the cases that she has with Mr. Bradley, and there is interest because Brown County is the owner of the records. The efforts to carry out the ruling will fall on Brown County. Some of these documents may only be in the possession of Brown County.

Mr. Bradley requests his 6th and 7th motion to compel some records and sanction counsel, that this is not in good faith. He is being prejudiced.

Mr. Wai requested the issues be tabled until after mediation. He is willing to work with Mr. Bradley.

The court addresses that the rules that control the deadlines.

The court does not grant sanctions. The court orders supplemental briefing and expects to see these issues raised. If Ms. Mills wishes to weigh in, she may do so.

**The court denies the motions to compel and the motion for sanctions. The motion for sanctions may be revisited depending on what the briefing shows.**

The court will extend the time to conduct depositions and discovery if necessary. The plaintiff will not be prejudiced by the history of the case.